UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE BENEFIT FUND
AND THE ELECTRICIAN'S RETIREMENT FUND

               Plaintiffs,

               -against-

DEMAND ELECTRIC INC. *et al*,

               Defendants.
--------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
23-CV-01924 (JMW)

**A P P E A R A N C E S :**

    Danielle Marlene Carney, Esq.
    Lauren Michelle Kugielska, Esq.
    **Barnes, Iaccarino & Shepherd, LLP**
    3 Surrey Lane
    Hempstead, NY 11550
    *Attorneys for Plaintiffs*

    Martin Alan Shell, Esq.
    **The Shell Law Firm**
    11 Broadway, Suite 615
    New York, NY 10004
    *Attorney for Defendants Demand Electric Inc. and Andreas Kourkoumelis*

**WICKS,** Magistrate Judge:

    Plaintiffs Trustees of the Building Trades Educational Benefit Fund, the Building Trades

Annuity Benefit Fund, Building Trades Welfare Benefit Fund and the Electrician's Retirement

Fund commenced this suit against Defendants Demand Electric Inc. and Andreas Kourkoumelis

(officer, agent, partner, and/or principal owner of Demand Electric) alleging violations of

Section 515 of the Employee Retirement Income Security Act ("ERISA").[1]

Plaintiffs filed a motion for summary judgment (ECF No. 28) seeking:

an Order requiring Defendants to permit and cooperate in an audit of the books and records of Defendant Demand [Electric Inc.] by Plaintiffs for the period of September 1, 2016 through November 30, 2022; entering a judgment in favor of the [Plaintiff] Funds for any monies found due and owing as a result of an audit of Demand's books and records; awarding the Funds reasonable attorney's fees and the costs and disbursements of this action; and granting all such other relief the Court deems just and proper.

Defendants were given ample time to respond but have not done so—therefore this motion is

deemed unopposed.[2]  For the reasons set forth herein, Plaintiffs' motion is GRANTED in part

and DENIED in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiffs' Amended 56.1 Statement.  (ECF No. 26.)[3]

---

[1] "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

[2] In the pre-motion letter, Plaintiffs state that Defendants deny all liability and assert that issues of fact exist as to whether Plaintiff is entitled to an audit, that they have complied with all obligations due and owing to Plaintiff, and finally that Demand Electric stopped doing business and Defendant Kourkoumelis is preparing to file for bankruptcy.  (ECF No. 23 at 8.)

[3] Unless otherwise noted, a standalone citation to a party's Rule 56.1 statement throughout this Memorandum and Order means that the Court has deemed the underlying factual allegation undisputed. Any citation to a Rule 56.1 statement incorporates by reference the documents cited in it.  Where relevant, however, the Court may cite directly to an underlying document.  The Court has deemed true undisputed facts averred in a party's Rule 56.1 statement to which the opposing party cites no admissible evidence in rebuttal.  *See Stewart v. Fashion Inst. of Tech.*, No. 18-cv-12297 (LJL), 2020 WL 6712267, at *8 (S.D.N.Y. Nov. 16, 2020) ("'[P]ursuant to Local Civil Rule 56.1 [the movant's] statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record.'") (quoting *Knight v. N.Y.C. Hous. Auth.*, No. 03 Civ. 2746 (DAB), 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007)); *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 28, 2012) ("Local Rule 56.1 requires . . . that disputed facts be specifically controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything.").

The Plaintiff-Trustees are fiduciaries of jointly administered multi-employer, labor management trust funds as promulgated by 29 U.S.C. §§ 1002(21)(A) and 1132(a)(3).  (*Id.* ¶ 1.)  Local 363, United Electrical Workers of America, IUJAT (the "Union") and various employers have established and maintained the Funds pursuant to the terms of collective bargaining agreements and trust indentures.  (*Id.*)

The Funds consist of "employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002 3(1), 3(2) and 3(3), and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA."  (ECF No. 26 ¶ 1.)  The Funds "provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its CBA."  (*Id.* ¶ 2.)  Additionally, the Funds can "collect contributions which include, but is not limited to, payments for annuity, educational benefits, hospitalization, and medical are on behalf of the employees of the Employer."  (*Id.*)

Defendant-Employers are obligated to provide benefit contributions and reports to Plaintiffs-Funds pursuant to their agreement.  (ECF No. 26 ¶ 11.)  Failure to remit the contributions results in the Employers' payment of statutory damages along with attorneys' and auditors' fees as well as interest on the unpaid principal, liquidated damages equal to 20% of the total amount of contributions or audit findings, and costs and disbursements incurred in this action.  (*Id.*)  The Employers must also comply with payroll and employee wage record audits per the terms and conditions of the agreement.  This audits are necessary to ascertain whether all required benefit contributions were paid to the Funds and verify the accuracy of the Defendant-Employers' reports.  (*Id.* ¶¶ 5, 10.)  The Funds' Collection Policy also grants the Funds the right to audit the Employer's books and records.  (*Id.* ¶ 6.)

On March 14, 2023, Plaintiffs commenced this action to require Defendant-Employer to allow and cooperate in the audit pursuant to the agreement between the Defendant and the Union.  (ECF No. 26 ¶ 5.)  Plaintiffs claim that the Employer has "failed and refused to permit access to its books and records and is liable for any delinquency contributions determined by a future audit together with the additional [fees], interest on the unpaid principal and liquidated damages."  (*Id.* ¶ 12.)

After the Complaint was filed and the Defendants failed to appear, Plaintiffs requested a certificate of default (ECF No. 9), and the Clerk entered default against the Defendants.  (ECF No. 10.)  Defendants however appeared in the case and moved to set aside the default.  (ECF No. 11.)  The Court granted Defendants' motion and vacated the entry of default against them.  (Electronic Order dated June 29, 2023.)  Defendants subsequently filed an Answer, essentially denying all allegations in the Complaint.  (ECF No. 12.)

The parties consented to the undersigned for all purposes.  (ECF No. 15.)  The undersigned then held an Initial then Status Conference with the parties, setting a discovery schedule.  (ECF Nos. 18 and 20.)  On April 26, 2024, Plaintiffs filed a pre-motion letter regarding their anticipated motion for summer judgment.  (ECF No. 23.)  The undersigned set a briefing schedule, directing all papers to be bundle filed by July 3, 2024.  (Electronic Order dated Apr. 27, 2024.)[4]  Plaintiffs filed their motion on ECF on July 3, 2024 (ECF No. 28), but Defendants did not oppose or file any responsive papers.  Plaintiffs request an Order for the completion of an audit, as well as $7,750 for attorneys' fees, $1,084.52 for associated costs with

---

[4] The Court also set Oral Argument on this motion for August 21, 2024.  (*See* Electronic Order dated Apr. 27, 2024.)  However, Plaintiffs filed a letter motion on August 18, 2024 requesting that the Oral Argument be adjourned *sine die* in light of Defendants' lack of opposition and to conserve judicial resources.  (ECF No. 30.)  The Court granted this request and cancelled the Oral Argument.  (Electronic Order dated Aug. 19, 2024.)

this action, and judgments for unpaid contributions owed including liquidated damages and interest on the unpaid principal. (ECF No. 26 ¶¶ 13, 16, 18.)

## LEGAL STANDARD

In order to obtain summary judgment, the movant must demonstrate there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the movant to demonstrate the absence of a genuine issue of material fact, which can be met by pointing to a lack of evidence supporting the nonmovant's claim. *Celotex Corp. v. Catrett*¸ 477 U.S. 317, 323, 325 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Once the movant meets its initial burden, the burden shifts and the nonmovant may defeat the motion only by adducing evidence of specific facts that raise a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*¸ 316 F.3d 93, 100 (2d Cir. 2002). However, where, as here, the opposing party "does not respond to a motion for summary judgment," "summary judgment may be granted against [it]." *Mason Tenders Dist. Counsel Welfare Fund v. F.E.S./M&V Contracting Corp.*, 94 Civ. 4750 (JSM), 1996 U.S. Dist. LEXIS 565, at *2 (S.D.N.Y. Jan. 22, 1996).

The role of the court at the summary judgment phase is not to *resolve* disputed issues of fact, but merely undertake an analysis to *identify* whether triable issue of fact exist. *See Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021). That is, the court's function is "issue-finding," not "issue-resolution." *Carolina Cas. Ins. Co. v. Cap. Trucking Inc.*, 523 F. Supp.3d 661, 668 (S.D.N.Y. 2021) (citing *Gallo v. Prudential Residential Servs., Ltd. P'ship* 22 F.3d

1219, 1224 (2d. Cir. 1994)).  *Au fond*, the court's role is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant." *Miller v. N.Y. State Police*, No. 20-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (citing *Anderson*, 477 U.S. at 248 and *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127, 129 (2d Cir. 2013)).

## DISCUSSION

### A. Audit

Section 301(a) of the Labor Management Relations Act states that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…may be brought in any district court of the United States having jurisdiction of the parties." *Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.,* 12-CV-3940 (DLI) (ST), 2017 U.S. Dist. LEXIS 5522, at *31 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 42381 (E.D.N.Y. Mar. 23, 2017) (quoting 29 U.S.C. § 185(a)).  Thus, this Court has jurisdiction over suits involving the violation of collective bargaining agreements.  *Mason Tenders Dist. Counsel Welfare Fund*, 1996 U.S. Dist. LEXIS 565 at *4.  However, to determine if a violation occurred, the court must first determine whether there was a valid agreement in the first place.  *Mason Tenders Dist. Council of Greater N.Y. v. Concore Equip., Inc.,* 10 Civ. 4227 (RWS), 2013 U.S. Dist. LEXIS 134969, *11-12 (S.D.N.Y. Sept. 18, 2013), *aff'd*, 600 Fed. Appx. 785 (2d Cir. 2015).

Likewise, Section 209 of the ERISA "requires an employer to 'maintain records with respect to each of [its] employees sufficient to determine the benefits due or which may become due to such employees'" and furnish information necessary for plaintiff to create necessary reports. *Trs. of the Local 807 Labor-Management Pension Fund v. Showtime on the Piers, LLC,*

No. 21-CV-3677-PKC-JRC, 2023 U.S. Dist. LEXIS 38293, at *7 (E.D.N.Y. Mar. 6, 2023)

(quoting 29 U.S.C. § 1059(a)(1)).

The Collective Bargaining Agreement states:

Employer authorizes he FUNDS to perform, as the Trustees deem necessary, audits of the payroll and employee wage records of the EMPLOYER to determine whether and to what extent the EMPLOYER has made the contributions specified herein for any relevant period, and the Employer agrees to comply with the provisions of the Trust Agreement and the FUNDS rules with regards to such audits. The EMPLOYER agrees to cooperate in the performance of such audits and shall pay any amounts determined to be due as a result of any such audit promptly upon demand.

(ECF No. 25-1 at 12, 30) (Ex. A: "Agreement").  Both parties signed this Agreement on June 1, 2005—thereby making it a binding agreement.  (ECF No. 25 at 38.)

In a similar fashion, the Funds' Policy for Collection of Delinquent Contributions bestows upon the Funds, the right to audit all of the Employers' books and records.  (ECF No. 25-2 at 2.) ("The Trustees of the Funds have the legal right to…audit and obtain copies of all financial records of the employers, including but not limited to payroll ledgers, federal and state tax returns, IRS Form 941s and such other books and records of the employers that are determined by the Funds to be necessary in order for the auditors to ascertain that the proper contributions have been made."); (*see also id.* at 3) ("Contributions and the supporting remittance reports are due on or before the sixtieth (60th) day following the end of the payroll period…A remittance report or contribution…shall become delinquent on the day following the Contribution Due Date."); (*id.* at 7-10) (discussing payroll audit policies).

Here, Plaintiffs allege that Defendant failed to comply with both the CBA and the Funds' Policy for Collection of Delinquent Contributions by failing and refusing to permit access to its own books and records for all worked performed by its bargaining unit employees. (ECF No. 25 ¶¶ 15-16.)   Accordingly, Plaintiffs have established a breach of the agreement and a

corresponding violation of the Labor Management Relations Act.  *See Mason Tenders Dist. Counsel Welfare Fund*, 1996 U.S. Dist. LEXIS 565 at *4 (ordering defendants to allow accountants, auditors, and Funds representatives to inspect and audit books and records and further ordering defendants to pay attorney's fees and costs).  The Court notes that Plaintiffs discuss Defendants' failure to comply with their audit obligation in a conclusory manner.  *Cf. Trs. of the Local 807 Labor-Management Pension Fund,* 2023 U.S. Dist. LEXIS 38293 at *9 (stating that plaintiff sent a letter to defendant requesting an audit and even followed up with the auditor to schedule an audit but defendant has not cooperated).  Nevertheless, Defendants have not filed an opposition so the allegations in the submitted 56.1 statement are deemed undisputed at this juncture.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); *Vt. Teddy Bear Co. v. 1-800 Beargram Co*., 373 F.3d 241, 246 (2d Cir. 2004) ("[F]ailure to respond [to the movant's Rule 56.1 Statement] may allow the district court to accept the movant's factual assertions as true."); *see also Mason Tenders Dist. Counsel Welfare Fund*, 1996 U.S. Dist. LEXIS 565, at *2 (failure to oppose summary judgment is sufficient ground to grant motion).

Accordingly, Defendants shall permit and cooperate with Plaintiffs in an audit of Employer's books and records to determine if it is making full payment to the Funds as required.

### B.  Damages

Pursuant to ERISA, if an employer fails to make contributions in accordance with the CBA, the court must award the plan damages as follows:

(A) the unpaid contributions;

(B) interest on the unpaid contributions;

(C) an amount equal to the greater of—

    (i) interest on the unpaid contributions or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A);

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

(E) such other legal or equitable relief as the court deems appropriate.

*Gesualdi v. Seacost Petroleum Prod., Inc.*, 97 F. Supp. 3d 87, 97 (E.D.N.Y. 2015) (quoting 29 U.S.C. § 1132(g)(2)).

### a. Judgments for Unpaid Contributions Including Liquidated Damages and Interest

Plaintiffs correctly argue that under ERISA they are entitled to interest on the unpaid principal and liquidated damages.  (ECF No. 25.)  Indeed, the Policy for Collection of Delinquent Contributions states:

Interest shall accrue on delinquent Contributions beginning on the Contribution Due Date. Interest shall be assessed if the Contributions are not received by the Contribution Due Date and will continue to accrue until the Contributions are received. Interest shall be calculated at the prime rate as stated in the Federal Reserve Statistical Release available at www.federalreserve.gov/releases/h15/data.htm and applicable on the Contribution Due Date plus two percent (2%) from the Contribution Due Date, per month, until the date paid. In addition, liquidated damages shall accrue on delinquent Contributions from the Contribution Due Date, in an amount calculated as set forth in Section 6(1).

…

Liquidated damages shall be calculated from the Contribution Due Date or the date on which an Audit Finding payment is due and shall become due and owing if payment is not made by the date on which it is due. The amount of the liquidated damages shall be the greater of:

    (a) A Second assessment of interest on the amounts owed or
    (b) 20% of the delinquent Contributions or Audit Findings.

9

ECF No. 25-2 at 3, 12).

However, beyond citing the provisions in the appropriate policies, Plaintiffs do not provide an assessment as to how much they are owed for unpaid contributions, interest, or liquidated damages.  (*See* ECF No. 25 at 5.)  For example, Plaintiffs have not defined the "Contribution Due Date" here nor provided the Court with a concrete percentage to apply to the interest owed to Plaintiffs.  *Cf. Loc. 1992 Pension Fund v. All Serv. Equip. Corp.,* 22-CV-02522 (HG) (JMW), 21-CV-03441 (JMA) (JMW), 2023 U.S. Dist. LEXIS 131333, at *13 (E.D.N.Y. July 28, 2023) (restating plaintiff's calculations on interest on the withdrawal liability as set forth in counsel's affidavit); Loc. 1992 Pension Fund v. A-G Elec. Supply Co. Inc., 21-CV-03441 (JMA) (JMW), 2023 U.S. Dist. LEXIS 124799, at *22-23 (E.D.N.Y. July 19, 2023) (same).

The Hon. James. R. Cho was faced with a similar situation in *Trs. of the Local 807 Labor-Management Pension Fund v. Showtime on the Piers, LLC* where the court recommended granting plaintiffs' motion for an order requiring defendant to submit an audit and comply with the requirements of an audit within 30 days from the date the report and recommendation was adopted as well as an order of attorneys' fees and costs.  *Trs. of the Local 807 Labor-Management Pension Fund,* 2023 U.S. Dist. LEXIS 38293 at *13.  The court however denied awards of delinquent contributions, interest, and liquidated damages since the amount of damages could not be determined unless and until an audit was completed and the plaintiffs did not submit evidence to support their request for damages for the court's assessment.  *Id.*  Thus, the court recommended that if defendant complied with the audit, the matter should be further referred to Judge Cho to consider requests for delinquent contributions due and owing to plaintiffs that are determined via the audit and any request for interest and liquidated damages.

10

Given that Plaintiffs here have similarly failed to submit any documentation concerning their entitlement to a judgment in their favor for monies due and owing as a result of the audit, their request is deemed premature and therefore denied without prejudice with leave to renew upon completion of the audit. *See Buffalo Laborers Welfare Fund v. Leone Constr., Inc,* 18-CV-00544-JJM, 2020 U.S. Dist. LEXIS 197529, at *3 (W.D.N.Y. Oct. 23, 2020) (discussing the court's prior order directing that an audit be done and now ruling on damages upon completion of the audit).

### b. Attorneys' Fees and Costs

Plaintiffs seek $7,750 in attorneys' fees and $1,084.52 for associated costs with this action. The Collection of Delinquent Contributions Policy states "Attorneys' fees shall be due to the Funds from a delinquent employer at the hourly rate charged to the Funds for such services, for all time spent by counsel in collection efforts." (ECF No. 25-2 at 12.) ERISA expressly provides for a mandatory award of "reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S. Code § 1132(g)(2)(D); *see Lanzafame v. L & M Larjo Co.*, No. 03-CV-3640, 2006 WL 2795348, at *6 (E.D.N.Y. Sept. 26, 2006) ("Section 1132(g) mandates an award of reasonable attorney's fees in ERISA actions brought by fiduciaries to enforce the terms of a collectively bargained agreement.").

This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). When considering applications for attorneys' fees, courts apply the lodestar method. *Kazadavenko v. Atl. Adult Day Care Ctr. Inc.*, No. 21-CV-3284 (ENV)(LB), 2022 WL 2467541, at *4 (E.D.N.Y. Apr. 14, 2022). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a presumptively reasonable fee."

*Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  In utilizing the lodestar

approach, courts multiply the number of hours spent on a case by an attorney's reasonable

hourly rate.  *Millea*, 658 F.3d at 166.

Plaintiffs' counsel Lauren M. Kugielska has provided billing records with an itemized

breakdown of hours and descriptions of each task conducted.  (*See* ECF No. 25 at 8-9.)  Those

records reflect that Kugielska worked 31 hours on this case at a rate of $250 per hour.  (*Id*.)  The

hours expended are reasonable for this case, as the work consisted of preparing demand letters

and complaints and consistently following up with opposing counsel to discuss the case.  (ECF

No. 25 at 8-9); *see, e.g.*, *Gesualdi v. Bestech Transp.*, *LLC*, No. 14-CV-1110 (JS)(ARL), 2022

WL 866853, at *5 (E.D.N.Y. Mar. 23, 2022) (finding 22.3 hours reasonable in the ERISA

default judgment context).

Further, Kugielska's affidavit reflects that she has approximately one decade of

experience and her firms litigates cases related to "the recovery of employee benefits on behalf

of various uni8on trust funds."  (ECF No. 25 at 7.)  The Court finds that considering the hourly

rates found reasonable in ERISA actions in this district, Kugielska's hourly rate of $250 is

reasonable in light of her background and experience.  *See Gesualdi*, 2022 WL 866853 at *3

("Courts in this district typically award hourly rates ranging from $300 to $450 per hour for

partners in ERISA cases") (collecting cases); *Trs. of the Local 807 Labor-Management Pension

Fund,* 2023 U.S. Dist. LEXIS 38293 at *20-21 (recommending an award of $450 and $350 per

hour for plaintiff's counsel in ERISA case for a total of $10,267.50 in attorney fees).  At a $250

hourly rate and 31 hours, the total lodestar is $7,750, which is precisely what Kugielska requests,

and thus, is reasonable.

As to costs, "[t]he party seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested.'" *Id*. (quoting *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2020 WL 5899881, at *14 (E.D.N.Y. Mar. 12, 2020)).  "Precedent supports the inclusion of filing fees and the costs of process service as part of the damage award in an ERISA action."  *See Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers , Loc. 14-14B, AFL-CIO by Christian v. Coastal Env't Grp. Inc.*, No. 18-CV-5773 (AMD)(ST), 2019 WL 4603805, at *15 (E.D.N.Y. Sept. 5, 2019), *report and recommendation adopted*, 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019).

Plaintiffs submit support for the costs in the amount of $1,084.52.  (ECF No. 25-4.) Specifically, they submit the invoices for serving the summons and complaint upon Defendants of $684.52 (ECF No. 25-4 at 2-6) along with the filing fee of $402 (ECF No. 1).[5]  *See Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers , Loc. 14-14B, AFL-CIO by Christian*, 2019 WL 4603805 at *15 (noting that the Court can simply "take[] judicial notice of the required $400.00 filing fee").  Thus, the Court grants Plaintiffs' request for costs in the amount of $1,084.52.

Accordingly, the undersigned recommends awarding Plaintiffs $8,834.52 consisting of $7,750 in attorneys' fees and $1,084.52 in costs.

---

[5] The filing fee was $402.00 at the time of filing, not $400.00 as noted by Plaintiffs.  (*See* ECF No. 1.)

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' motion for summary judgment filed at ECF No. 28 is decided as follows:

(1) **DENIED** as to delinquent contributions, liquidated damages, and interest without prejudice with leave to renew once the audit is performed and

(2) **GRANTED** as to

      a.  Directing Defendants to permit and cooperate in an audit of Defendants' books and records; and

      b.  Attorneys' fees awarded to Plaintiff in the amount of **$7,750.00** and **$1,084.52** in costs.

Dated:  Central Islip, New York
       August 19, 2024

S O  O R D E R E D:

/s/ <em>James M. Wicks</em>
JAMES M. WICKS<br>United States Magistrate Judge

14